Matter of H. (William J.H.) (2025 NY Slip Op 03190)

Matter of H. (William J.H.)

2025 NY Slip Op 03190

Decided on May 28, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 28, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ROBERT J. MILLER, J.P.
WILLIAM G. FORD
LAURENCE L. LOVE
DONNA-MARIE E. GOLIA, JJ.

2023-02091

[*1]In the Matter of H. (Anonymous), Kristina L. William J. H. (Anonymous), etc., appellant. (File No. 353966)

Larry H. Weiss, East Meadow, NY, for appellant.

DECISION & ORDER
In a proceeding, inter alia, to create a supplemental needs trust and to implement a transfer of an asset, the petitioner appeals from an order of the Surrogate's Court, Nassau County (Margaret C. Reilly, S.), dated January 10, 2023. The order denied the petition and, in effect, dismissed the proceeding.
ORDERED that the order is reversed, on the law, without costs or disbursements, the petition is reinstated, and the matter is remitted to the Surrogate's Court, Nassau County, for a determination of the petition on the merits.
In 2009, pursuant to SCPA article 17-A, the Surrogate's Court appointed William J. H. (hereinafter the father) as the guardian of the person and property of his daughter Kristina L. H. In 2015, the father, in his individual capacity, executed a deed transferring to Kristina L. H. a life estate in certain real property located in East Meadow (hereinafter the subject property), which was owned by the father and apparently the residence of the father and Kristina L. H.
In 2022, the father, as the guardian of the person and property of Kristina L. H., filed a petition seeking, inter alia, to create a supplemental needs trust for the benefit of Kristina L. H. and to execute, in both his individual capacity and as guardian, a deed whereby he would transfer to himself a life estate in the subject property, transfer 52% of the remainder interest to himself as trustee of a supplemental needs trust for the benefit of Kristina L. H., and transfer 48% of the remainder interest to himself. The petition alleged, among other things, that the transfers were in the best interests of Kristina L. H. because, as a result of Kristina L. H.'s current life estate in the subject property, the father could not secure certain real estate tax benefits that would make the subject property more affordable. The petition also requested that the Surrogate's Court authorize the father to use the subject property to secure a mortgage loan of up to $100,000. There was no opposition to the petition. In an order dated January 10, 2023, the court denied the petition and, in effect, dismissed the proceeding, stating that the father had provided no authority for the relief requested.
The Surrogate's Court retains jurisdiction to hear proceedings pursuant to SCPA article 17-A and, after the appointment of a guardian, retains general jurisdiction over the person who is disabled to entertain and adjudicate such steps and proceedings as may be deemed necessary or proper for the welfare of such person (see id. § 1758). Here, the letters of guardianship clearly contemplated that the father had the ability to petition the Surrogate's Court for leave to collect or [*2]dispose of any property belonging to Kristina L. H. Therefore, the court erred in determining that the father did not provide authority for the relief requested.
Proceedings pursuant to SCPA article 17-A employ a best interests analysis (see Matter of Kevin Z. [Carmella AA.—Edward Z.], 105 AD3d 1269, 1270). As the Surrogate's Court denied the petition solely on the ground that the father did not provide authority for the relief requested, it did not reach, on the merits, whether the relief requested was in the best interests of Kristina L. H. Accordingly, we reverse the order, reinstate the petition, and remit the matter to the Surrogate's Court, Nassau County, for a determination of the petition on the merits.
The father's remaining contentions need not be reached in light of our determination.
MILLER, J.P., FORD, LOVE and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court